IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CHARLES EDWARD VALLEY,        )    2: 08-CV-00112 SOM
                              )
           Plaintiff,         )    SCREENING ORDER DISMISSING
                              )    AMENDED COMPLAINT; NOTICE OF
    vs.                       )    SUBMISSION OF DOCUMENTS
                              )
SCOTT KERNAN, R. MANDEVILLE,  )
A.J. MALFI, M. RUFF,          )
                              )
           Defendants.        )
_____)
```

SCREENING ORDER DISMISSING AMENDED COMPLAINT

I.      INTRODUCTION.

Plaintiff Charles Edward Valley is a state prisoner proceeding pro se.  Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this court "screens" Valley's amended Complaint.  The court determines that he fails to state any claims upon which relief may be granted against Mandeville, Malfi and Ruff, and thus dismisses those claims.  The claims against Kernan are also dismissed, except for the retaliation claim.  This case will proceed based only on the retaliation claim against Kernan, unless Valley files a second amended Complaint.  Valley may file a second amended Complaint no later than November 20, 2009.

On January 16, 2008, Valley filed a 314-page Complaint naming nine Defendants, all of whom work in some manner for the California Department of Corrections and Rehabilitation.  Valley sought relief pursuant to 42 U.S.C. § 1983 and asked to proceed in forma pauperis.  On May 5, 2008, the court granted his request

to proceed in forma pauperis, dismissed his Complaint because it failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure, and gave him leave to file an amended pleading.  The court held that Valley "unduly burden[ed] the court and any opposing parties by tasking them with the need to ferret through voluminous exhibits to discern the factual predicate of a claim, if any."  Valley v. Tilton, No. 08-118, 2008 WL 1946405, at *5 (E.D. Cal. May 1, 2008).  The court stated that any amended complaint could not exceed 25 pages, including exhibits, and that it had to be filed within 30 days of service of the order.  Id. at *9.  The order was served on May 1, 2008.

On May 27, 2008, Valley filed his 26-page amended Complaint.  On January 5, 2009, this case was referred to Magistrate Judge Leslie Kobayashi, but this district judge now addresses this matter.

II.      STANDARD OF REVIEW.

Because Valley filed the present action as a pro se prisoner, this court must screen his amended Complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Because Valley fails to state a claim upon which relief may be granted as to Mandeville, Malfi, and Ruff, the court dismisses claims against those Defendants.

2

Claims against Kernan are also dismissed except with respect to the retaliation claim.

In determining whether a complaint states a claim, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to sufficiently allege the "grounds" of his "entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) (dismissing civil rights complaint). "[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim" are not entitled to be assumed true. Iqbal, 129 S. Ct. at 1951 (quoting Twombly, 550 U.S. at 555). When a complaint raises an arguable question of law that is ultimately resolved against the plaintiff, dismissal for failure to state a claim upon which relief may be granted is proper. Neitzke v. Williams, 490 U.S. 319, 328 (1989).

III.     ANALYSIS.

Valley sues four individuals "individually and in his official capacity": Scott Kernan, the ex-Warden of CSP Sacramento; R. Mandeville, the Associate Warden of CSP

3

Sacramento; A.J. Malfi, the current Warden; and M. Ruff, the Chairperson of Law Enforcement. He claims that each Defendant acted under "color of California law." He asks the court to order his transfer to a "sensitive needs prison." He also seeks compensatory and punitive damages.

In the present action, Valley alleges that, in October 2005, the Institutional Classification Committee determined that Valley could be transferred to "CAL IV 270," which Valley alleges is a "lower security Prison." See Amend. Compl. at 5; see also Exh. B. Valley alleges that Defendants conspired to block his transfer. Valley also alleges that, from March through June 2006, Defendants misidentified him as a gang member, unjustly placed him in administrative segregation, and unfairly charged him with disciplinary violations. Valley alleges that this gang classification and administrative segregation occurred after Defendants discovered that he had filed a civil suit against Kernan, and after he had filed many grievances. The civil suit was filed in February 2005.

Although Valley has failed to state any viable claims against Mandeville, Ruff, or Malfi, the court concludes that Valley has stated one viable claim against Kernan. The claims Valley asserts against each Defendant are addressed in turn.

As to Mandeville, Valley appears to allege that he conspired with Kernan to retaliate against Valley. Valley claims

4

that Mandeville "assisted Warden in knowingly violated my rights in 2001." Amend. Compl. at 5-E. Valley contends that Mandeville was "Captain of Gang investigation Unit when fake information came out" and that he "did all the talking." Id. He also claims that Mandeville said the "information [Valley gave him relating to gang association] was no good." Id.

To state a claim of conspiracy, a plaintiff must show an agreement or meeting of the minds on the part of defendants to violate the plaintiff's rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989). A plaintiff must allege specific facts to show the defendants' agreement and must allege that an actual deprivation of his civil rights resulted from the conspiracy. Id. Even if Valley's assertions of an agreement are sufficient, he does not identify what rights were violated in 2001. Valley's amended Complaint and exhibits only discuss actions and events occurring in 2005 and 2006. Therefore, to the extent Valley claims that Mandeville conspired with Kernan, that claim is dismissed, as Valley has failed to allege sufficient facts to support such claim.

Ruff is the Chairperson of Law Enforcement. Valley alleges that Ruff "ommitted to perform acts legally required of him causing deprivation of federal rights." Valley alleges that he wrote two letters to Ruff reminding Ruff that he "believed and signed off on gang info against me in 2000 which later proved to

5

be flase (sic)."  Amended Compl. at 5-E.  Again, the court is confused as to what protected right Ruff deprived Valley of, and how Ruff directly deprived him of that right.  Valley's allegations do not state a claim against Ruff.

The previous order noted that a § 1983 claim requires an actual connection between the actions of the defendants and the deprivation allegedly suffered by the plaintiff.  Tilton, 2008 WL 1946405 at *6.  A person deprives another of a right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Valley has not stated a claim against Ruff because he has not made any factual allegations that Ruff actually deprived Valley of some protected right.  Any claim asserted against Ruff is therefore dismissed.

As to Malfi, Valley's only allegations are that Malfi "lied" and "just signed the papers," and that "I was brought to Committee defendant A.J. Malif (sic) Warden."  Amend. Compl. at 5-E.  The court has no idea what papers Malfi may have signed, what harm occurred, or how any of Valley's rights were violated. To the extent any claim is asserted against Malfi, that claim is dismissed.

6

Valley's main allegations appear to concern Kernan.[1] Valley seems to sue Kernan for conspiracy, retaliation, and denial of meaningful access to the courts. To the extent Valley asserts a conspiracy claim against Kernan, that claim, like the conspiracy claim against Mandeville, is dismissed. Valley fails to allege sufficient facts to support that claim.

Valley also alleges that Kernan retaliated against Valley by placing him in administrative segregation, improperly charging him with disciplinary violations, and refusing to release him from segregation. Valley seems to be alleging that Kernan retaliated against him because he had filed many grievances and a civil suit.

Retaliation by a state actor for the exercise of a right is actionable under 42 U.S.C. § 1983 because retaliatory actions may tend to chill individuals' exercise of rights. Perry v. Sindermann, 508 U.S. 593, 597 (1972). A prisoner suing prison

---

[1] The previous order stated that Valley must demonstrate why he failed to file a complete amended complaint in his 2005 case against Kernan asserting claims of retaliation. The court was concerned that res judicata could bar Valley's claims that were raised or could have been raised in the prior action. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). In the amended Complaint filed in the present suit, Valley explains that, in the previous suit, he had filed a motion to amend his complaint to add retaliation claims, but the motion was denied. This court does not here rely on res judicata, but makes no ruling that it is inapplicable. The court notes that Valley now complains of events in 2005 and 2006, while he filed his earlier action in February 2005.

officials under § 1983 for retaliation must show that he was retaliated against for exercising his rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Pratt v. Rowland, 65 F.3d 802 (9th Cir. 1995). To state a claim against prison officials for retaliation, a plaintiff must allege that (1) the type of activity he was engaged in was protected; (2) the state impermissibly infringed on his right to engage in the protected activity; and (3) the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

Valley states a claim of retaliation.[2] Filing a grievance with prison officials is protected activity, and

---

[2] It is not clear that Valley has exhausted his administrative remedies. Under 42 U.S.C. § 1997e(a), exhaustion is a precondition to filing in federal court: "No action shall be brought . . . until such administrative remedies as are available are exhausted." The Supreme Court has held that the exhaustion requirement is mandatory and must be satisfied, regardless of the relief offered through the administrative process. Booth v. Churner, 531 U.S. 956 (2001). Valley states only that he was informed that he "had to file a grievance on Retaliation and that I had to exhaust my grievances levels." However, as exhaustion is an affirmative defense that must be raised and proved by the defendant, not a pleading requirement, the court does not address it here. See Jones v. Bock, 549 U.S. 199, 212-217 (2007) (holding that failure to exhaust administrative remedies is an affirmative defense that defendants must raise and prove); Wyatt v. Terhune, 315 F.3d 1108, 1117-18 (9th Cir. 2003) (noting that "nonexhaustion under § 1997e(a) of the PLRA does not impose a pleading requirement").

Defendant Kernan's alleged statement "that he ha[d] no use for inmates like [Valley] challenging his authority," Amend. Compl. at 5-C, potentially suggests that actions Valley suffered were retaliatory and served no legitimate penological purpose.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (noting that a plaintiff's allegations of retaliatory placement in administrative segregation for filing grievances was sufficient to state a claim of retaliation); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

Valley also alleges that Kernan deprived him of meaningful access to the courts.  Valley alleges that Kernan failed "to give my grievances log numbers registered (and) throwing my grievances away."  Amend. Compl. at 5-A.  However, it remains unclear how this affected Valley's access to the courts.

It is "established beyond doubt prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977).  The right of meaningful access to the courts extends to established prison grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  However, a plaintiff must allege actual injury as a result of lack of access to the courts or lack of access to the grievance procedure. Lewis v. Casey, 518 U.S. 343, 355-56 (1996).  Actual injury may include prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or

9

present a claim.  Id. at 349.  Valley has not alleged how he was injured.

The court also notes that Valley sues Defendants in their individual and official capacities.  To the extent he sues any Defendant in his official capacity for money damages under § 1983, that claim is barred.  A state official sued in his official capacity for damages is not a person for purposes of § 1983.  Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).  Only claims for prospective injunctive relief may proceed against state officials sued in their official capacities.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102-103 (1984) (noting that when a plaintiff sues a state official for violations of federal law, "the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief").  These limitations, of course, do not apply to claims against state employees sued in their individual capacities.

IV.     CONCLUSION.

Because Valley fails to state a claim against Mandeville, Malfi, and Ruff, the court dismisses claims against those Defendants.  The court also dismisses the claims of conspiracy and denial of access to the courts against Kernan.  This leaves for future adjudication only the retaliation claim against Kernan.

Valley may file a second amended complaint no later than November 20, 2009.  Any second amended complaint must be a complete document in itself.  Any second amended complaint may not exceed 25 pages, including exhibits, and may not include claims for money damages against officials sued in their official capacities.  It must not incorporate by reference the original Complaint or the amended Complaint.  If Valley opts not to file a second amended Complaint, the court will proceed with the retaliation claim against Kernan.  If Valley opts to file a new Complaint, the court will review it for screening purposes.

Having now screened the amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and determined that it sufficiently states a claim to proceed against Kernan, and having previously determined that Valley is entitled to proceed <u>in forma pauperis</u>, the court orders that:

1.  The Clerk of the Court shall send Valley one (1) USM-285 form, one summons, an instruction sheet, and an endorsed copy of the amended Complaint filed on May 27, 2008.

2.  Valley shall do one (but not both) of the following by November 20:

   a.  File a second amended complaint of no more than 25 pages, including exhibits, that is a complete document in itself and that complies with the present order; or

   b.  Submit the following documents to the court:

11

                    (i)    The completed attached Notice of
Submission of Documents;

                    (ii)   One completed summons;

                    (iii)  One completed USM-285 form for Kernan;
and

                    (iv)   One copy of the endorsed amended
Complaint filed on May 27, 2008.

        4.   Valley need not attempt service on Kernan and need not request waiver of service.  If Valley opts to do 2(b) above, this court, upon receipt of the above-described documents, will direct the United States Marshal to serve Kernan pursuant to Federal Rule of Civil Procedure 4 without payment of costs.


                    IS SO ORDERED.

                    DATED: Honolulu, Hawaii, October 21, 2009.



                              /s/ Susan Oki Mollway

                              Susan Oki Mollway
                              Chief United States District Judge

Valley v. Kernan, et. al, 2: 08CV112 SOM; SCREENING ORDER DISMISSING AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CHARLES EDWARD VALLEY,        )     2: 08-CV-00112 SOM
                              )
           Plaintiff,         )     NOTICE OF SUBMISSION OF
      vs.                     )     DOCUMENTS
SCOTT KERNAN, R. MANDEVILLE,  )
A.J. MALFI, M. RUFF,          )
                              )
           Defendants.        )
_____)
```

NOTICE OF SUBMISSION OF DOCUMENTS

    Plaintiff Charles Valley hereby submits the following documents in compliance with the court's Screening Order filed October 21, 2009:

    One completed summons form;

    One completed USM-285 form; and

    One endorsed copy of the Amended Complaint


Dated: _____        _____
                                 Charles Edward Valley

13