IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES EDWARD VALLEY, | ) | 2: 08-CV-00112 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| vs. | ) | WITHOUT PREJUDICE |
| | ) | |
| SCOTT KERNAN, R. MANDEVILLE, | ) | |
| A.J. MALFI, M. RUFF, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

I.        INTRODUCTION.

Plaintiff Charles Edward Valley is a state prisoner proceeding pro se. On December 27, 2009, Valley submitted a notice of dismissal of his case. This court accepts Valley's notice of dismissal and dismisses the case without prejudice. The Clerk of Court is ordered to close this case.

II.       BACKGROUND.

On January 16, 2008, Valley filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. On May 5, 2008, the court screened his Complaint and dismissed it without prejudice because it failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Valley filed an amended Complaint, which the court screened on October 21, 2009. The court gave Valley the option of either filing a Second Amended Complaint by November 20, 2009, or allowing the case to proceed based on a retaliation claim against Scott Kernan.

On November 16, 2009, Valley notified the court via letter that he had medical problems. He also inferred that he wanted his case dismissed. To ensure that Valley had sufficient time to file a Second Amended Complaint, the court gave Valley until December 30, 2009, to comply with the court's previous order. The court also noted that Valley should submit a notice of dismissal if he intended to dismiss his case. On December 27, 2009, Valley submitted a notice of dismissal. Valley says that he has been diagnosed with cancer and does not want to bear the stress of litigation.

II.     STANDARD OF REVIEW.

Subject to any applicable statute, a plaintiff is entitled to voluntarily dismiss a case before the opposing party serves an answer or a motion for summary judgment, whichever first occurs. Fed. R. Civ. P. 41(a)(1)(i). No court order is required, as the notice of dismissal is effective by itself to terminate the action. Swedberg v. Marotzke, 339 F.3d 1139, 1142 (9th Cir. 2003); see Hamilton v. Shearson-Lehman Am. Ex., Inc., 813 F.2d 1532, 1534-35 (9th Cir. 1987) ("A voluntary dismissal by a plaintiff under [Rule 41(a)(1)(i)] automatically terminates the action upon the filing of the dismissal with the clerk."). The dismissal may be with or without prejudice, but unless a plaintiff's notice of dismissal states otherwise, it is presumed to be without prejudice. Fed. R. Civ. P. 41(a)(1)(B); Hancock v.

Pomazal, No. 09-0065, 2009 WL 4017283, at *3 (E.D. Cal. Nov. 18, 2009).

However, other courts have held that, because the Prison Litigation Reform Act imposes limits on the ability of inmates to file pro se claims, it controls over Rule 41's allowance for a voluntary dismissal of a complaint before an answer or a summary judgment motion is filed.  See Hines v. Graham, 320 F. Supp. 2d 511, 529 (N.D. Tex. 2004) (denying motion to voluntarily dismiss complaint when it was an attempt to circumvent the court from dismissing the complaint, which would trigger the three strike provision of the Prisoner Litigation Reform Act and prevent the plaintiff from proceeding in forma pauperis); see also Carter v. Yellowstone Cty., No. CV-07-09, 2007 WL 1562569, at *2 (D. Mont. May 25, 2007) (disregarding notice of dismissal to honor intent of the Prisoner Litigation Reform Act).

III.    ANALYSIS AND CONCLUSION.

Valley seeks dismissal of his case because he wants less stress in his life, and because he wants to focus on his health.  He does not seek to prevent this court from dismissing his case, and he is not worried about acquiring any strike which would in the future prevent him from proceeding in forma pauperis.  See 28 U.S.C. § 1915(g) (prohibiting a prisoner from proceeding in forma pauperis in a civil action if he has had

three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim, unless the prisoner is under imminent danger).  In fact, Valley could either proceed with his case, or file another amended complaint.  In other words, by accepting Valley's notice of dismissal, this court is not ignoring or frustrating the intent of the Prisoner Litigation Reform Act.  This court thus accepts Valley's notice of dismissal and directs the Clerk of Court to close the case.  The court hopes that Valley is able to rest, and the court wishes Valley a speedy recovery.

IS SO ORDERED.

DATED: Honolulu, Hawaii, January 13, 2010



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Valley v. Kernan, et. al, 2: 08CV112 SOM; ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE.